IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Boyd, | C/A No. 3:12-334-JFA-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Angelica Textile Services Inc.; Fisher & Phillips, LLP; Reyburn W. Lominack, III; C. Frederick W. Manning, II; State of South Carolina (South Carolina Human Affairs Commission); H. Ronald Stanley (proprietor); H. Ronald Stanley (individually); The United States of America (United States District Court for the District of South Carolina); The United States of America, | |
| Defendants. | |

Plaintiff, Don Boyd, ("Plaintiff"), a self-represented litigant, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

In this case, Plaintiff attempts to recover for what he asserts is legally actionable misconduct on the part of his former employer, Angelica Textile Services, Inc. ("Angelica"), the State of South Carolina's Human Affairs Commission ("SCHAC"), the attorneys who represented Angelica and the State of South Carolina/SCHAC in Plaintiff's recent, unsuccessful *pro se* employment discrimination federal lawsuit, and the United States

District Court.[1] Plaintiff generally alleges that the United States (its courts and judges), South Carolina "employers and 'business' and governmental entities," which Plaintiff refers to as "Deep Pockets", "the lawyers representing Deep Pockets," and "clerks of court where applicable,"

> agreed/have a tacit understanding that coconspirator judges shall insulate Deep Pockets from litigation and, quote, 'frivolous lawsuits' (i.e., lawsuits for a high dollar amount; 'indigent' lawsuits against Deep Pockets) . . . by ensuring defeat of - and ensuring deprivation of fair trials to - and ensuring denial of due process to - and ensuring denial of access or meaningful access to courts to - the poor and non-whites and 'illegal' citizens and the unrepresented (collectively, 'indigents') . . . by Court operation as a 'kangaroo court' and 'throwing' cases without regard to fact, law, Rules, proof, Constitution, etc., . . . and by abusing - or sanctioning or allowing abuses against - indigents . . . and by appellate dismissals of indigent appeals for contrived reasons or in disregard of Rules or by other violations of due process. . . . I, Don Boyd, indigent, was subjected to abovesaid plot of Defendants.

(Compl. at ¶¶ 1-10, ECF No. 1 at 4-5.) Specifically, Plaintiff alleges that the defendants are liable for committing defamation by virtue filing certain pleadings in Boyd v. State of South Carolina, C/A No. 3:10-872-JFA-PJG. Plaintiff alleges that the "Memorandum in Support of Angelica's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and/or for Summary Judgment," filed in Civil Action No. 3:10-872 on behalf of Defendant Angelica on December 14, 2010 by Defendants Lominack and Manning, contained a false and defamatory

---

[1] The court takes judicial notice that this case is the fifth such case filed in this court by Plaintiff in which he has attempted to recover for what he asserted was legally actionable behavior on the part of litigants, attorneys, and court personnel, which caused Plaintiff to lose civil cases filed in this court, other federal district courts, and state court. See Boyd v. KLLM Transport Services Inc.,C/A No. 3:10-3208-JFA-PJG; Boyd v. Bi-Lo, Inc., C/A No. 3:10-3209-JFA-PJG; Boyd v. City of Columbia, C/A No. 3:11-13-JFA-PJG; Boyd v. Wal-mart Stores, Inc., C/A No. 3:11-845-JFA-PJG; see also United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

statement about Plaintiff, i.e. that he was a "frequent *pro se* filer." Plaintiff also contends that the filing of certain attachments to this Memorandum, invaded Plaintiff's privacy by publishing in the court record Plaintiff's private matters and personal identifying information, i.e. his social security number, age, date of birth, telephone numbers and personal addresses, which Plaintiff alleges should have been redacted. Plaintiff also complains that certain discovery requests and subpoenas of his former employment records were abusive.[2] (See Compl. ¶¶ 12-87, ECF No. 1 at 5-18.) Plaintiff requests monetary damages in the amount of one hundred forty-four million dollars ($144,000,000.00). (Compl. ¶ 90, ECF No. 1 at 19.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 556 U.S. 662 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege,

---

[2] In Civil Action No. 3:10-872, Plaintiff brought suit against his former employer and his former individual supervisor, alleging that he was wrongfully discharged based on racial discrimination, and against the State of South Carolina, alleging that SCHAC violated Plaintiff's due process and equal protection rights by failing to process an administrative charge of discrimination against the employer. The court dismissed Plaintiff's claims. The court's judgment was affirmed on appeal by the United States Fourth Circuit Court of Appeals. See Boyd v. State of S.C., C/A No. 3:10-872-JFA-PJG, ECF Nos. 123, 124, 131, & 132.

the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a

federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[3] Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

---

[3] Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 556 U.S. at 677-81. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

## DISCUSSION

In the instant case, Plaintiff's Complaint fails to allege sufficient facts to establish any plausible claim.

**A. Plaintiff's Claims Against Fisher & Phillips, LLP; Reyburn W. Lominack, III; C. Frederick W. Manning, II; H. Ronald Stanley (proprietor); and H. Ronald Stanley (individually); and Plaintiff's Claims Against Angelica Textile Services, Inc.**

Plaintiff's Complaint attempts to allege sufficient facts to establish a cause of action against all of the above-named defendants for violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983[4] and/or Bivens v. Six Unknown Named Agents of Federal Bureau

---

[4] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417 (6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

of Narcotics, 403 U.S. 388 (1971).[5] However, Plaintiff cannot maintain a civil rights claim against these defendants—which consist of a law firm, several lawyers, and a private corporation—because they have not acted under color of state law and they are not federal officials. It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. at 317-324 nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d at 1155-1156 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Furthermore, purely private conduct of an entity or individual, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, under Bivens, or under the Fourteenth Amendment—the most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).[6]

---

[5] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim brought against a federal official for violation of a plaintiff's constitutional rights is analogous to a claim brought under 42 U.S.C. § 1983 against a state official in his or her personal capacity for violation of a plaintiff's constitutional rights while the defendant was acting under color of state law. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act "under color of state law." Harlow v. Fitzgerald, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in Bivens actions and vice versa. See Farmer v. Brennan, 511 U.S. 825, 839 (1994); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir. 1988) (abrogated on other grounds by Johnson v. Jones, 515 U.S. 304 (1995), Winfield v. Bass, 106 F.3d 525, 529 (4th Cir. 1997)). Bivens claims, like § 1983 claims, address violations of constitutional rights by "persons." Under Bivens, "[A] plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

[6] Burton involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983 or Bivens. Federal courts have uniformly held that conduct which

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). The allegations in this case are distinguishable from those in Dennis v. Sparks, where a plaintiff brought a civil rights action against certain private parties and a state court judge alleging the private parties conspired to bribe the judge to obtain an injunction. Conduct under color of state law may be extended to private individuals who conspire with state officials to violate an individual's constitutional rights. See Tower v. Glover, 467 U.S. 914, 920 (1984). However, to establish a civil conspiracy under § 1983 or Bivens, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in the deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Id. A plaintiff's factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. A plaintiff's allegations must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Hinkle, 81 F.3d at 422.

A civil conspiracy claim must be supported by facts independent of the other causes of action in the complaint; a plaintiff may not simply incorporate allegations that support other causes of action to sustain a cause of action for civil conspiracy. Cricket Cove

---

constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. West v. Atkins, 487 U.S. 42, 48-49 (1988) (collecting cases).

Ventures, LLC v. Gilland, 701 S.E.2d 39, 46 (S.C. 2010) (citing Todd v. S.C. Farm Bureau Mut. Ins. Co., 278 S.E.2d 607, 611 (S.C. 1981)).  The plaintiff must also plead damages suffered as a result of the conspiracy that go beyond damages alleged in other causes of action.  See id. at 325 (citing Vaught v. Waites, 387 S.E.2d 91, 95 (S.C. Ct. App. 1989)). In this case, Plaintiff's Complaint fails to plead any facts to support his civil conspiracy claim which are in addition to those that support his other claims.  Plaintiff merely alleges that the facts which support his other claims are incorporated into his claim of a civil conspiracy, concludes that one or more of the defendants conspired to injure him, and asserts that he suffered damages as a result.  Aside from the conclusory assertion that one or more of the defendants conspired among themselves to injure Plaintiff, the facts upon which he relies are identical to those he uses to support the other claims in his complaint.  Furthermore, Plaintiff does not explain what special damages he suffered as a result of the defendants' conspiracy.  See AJG Holdings LLC v. Dunn, 708 S.E.2d 218, 223 (S.C. Ct. App. 2011) (noting that to demonstrate special damages, as an element of a civil conspiracy claim, a plaintiff has to allege damages beyond the damages alleged in the other causes of action).

     Here, Plaintiff's allegations that Defendants Angelica, Lominack, Manning, and Stanley conspired to libel and slander Plaintiff and to invade Plaintiff's privacy do not form a viable conspiracy claim under 42 U.S.C. § 1983 or Bivens.  They do not constitute a claim for relief that is plausible on its face.  See Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  At most, Plaintiff's allegation of a conspiracy to commit defamation and invasion of privacy merely attributes, in purely conclusory fashion, alleged malice and ill will to Defendants.  The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006).  See also Walker

v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009) (citing Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999)).

Moreover, the conspiracy theory advanced in Plaintiff's Complaint fails to allege that the conspiracy resulted in the deprivation of a constitutional right. The United States Supreme Court has held that an individual cannot claim a constitutionally protected interest in his or her reputation, Siegert v. Gilley, 500 U.S. 226, 233 (1991), thus allegations of defamation, i.e. libel and/or slander, alone, do not suffice to form a § 1983 claim that is cognizable in a federal court. See Paul v. Davis, 424 U.S. 693 (1976). Defamation is only actionable under § 1983 or Bivens if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or protected by the Constitution. Clark v. Township of Falls, 890 F.2d 611, 619 (3d Cir. 1989) (citing Paul, 424 U.S. at 701-12). Such cases implicate the constitutional guarantee of due process. Id. Courts have labeled the showing required to bring a § 1983 or Bivens claim for defamation "stigma plus." See e.g., Defeo v. Sill, 810 F.Supp. 10 648, 656 (E.D.Pa. 1993) ("Unless coupled with a tangible injury such as a loss of employment or extinction of a vested right recognized by state law, defamation by state officials is not actionable under Section 1983"). Thus, to the extent that Plaintiff attempts to assert a claim in this case against any of the named Defendants pursuant to § 1983 and/or Bivens, Plaintiff's Complaint fails to state a claim for which this Court may grant relief. See Paul v. Davis, 424 U.S. 693, 697-710 & nn.3-4 (1976); Washington v. Tilton, 2010 WL 2084106, at *2 (D.S.C. 2010).[7]

---

[7] Additionally, as noted below, with respect to Defendants The United States of America (United States District Court for the District of South Carolina) and The United States of America, the Fourth Circuit held in Talbert v. United States, 932 F.2d 1064 (4th Cir. 1991) that under 28 U.S.C.A. § 2680(h) one may not maintain an action under the FTCA for defamation. Id. at 1065-67. Thus, the United States and its District Court for the District of South Carolina have sovereign immunity from Plaintiff's defamation claim.

**B. Plaintiff's Claims Against the United States of America (United States District Court for the District of South Carolina) and The United States of America**

"[I]t is axiomatic that the United States may not be sued without consent and that the existence of consent is a prerequisite to jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). In accordance with the doctrine of sovereign immunity, an action against the federal government can be maintained only where it has expressly consented to being sued. See Welch v. United States, 409 F.3d 646, 650-51 (4th Cir. 2005). When the United States waives its sovereign immunity, the terms of its waiver define the extent of a court's jurisdiction and a court may not extend or narrow the waiver beyond that intended by Congress. See United States v. Sherwood, 312 U.S. 584, 586 (1941); Smith v. United States, 507 U.S. 197, 203 (1993). A suit against a federal agency or a federal officer in his or her official capacity is equivalent to a claim against the United States. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

The United States has expressly consented to a limited waiver of its sovereign immunity only for those tort claims which are brought against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); Rice v. Nat'l Sec. Council, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001).

Thus, to the extent that Plaintiff asserts common law and constitutional tort claims in his Complaint against The United States of America and The United States District Court for the District of South Carolina, it is clear on the face of the pleading that this court lacks jurisdiction to hear such claims. Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). Plaintiff has not shown that he has complied with the strict provisions of the FTCA requiring that an administrative claim first be filed with the appropriate federal agency *before* commencement of a civil action in a district court. See 28 C.F.R. § 14.2; the Standard Form 95 ("SF-95"); 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

To the extent that Plaintiff's Complaint seeks to pursue a Bivens action against the United States District Court for the District of South Carolina, Plaintiff also fails to state a claim on which relief may be granted by this court, because a Bivens action may not be brought against agencies of the United States. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies); Global Mail Ltd. v. U.S.Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). While Bivens authorizes claims for constitutional violations against individual federal officials, it is well settled that Bivens actions seeking monetary damages from federal judges and federal clerks of court for alleged wrongs committed in the course of their official duties pursuant

to the exercise of their respective jurisdictions are barred by the doctrines of absolute judicial immunity and absolute quasi-judicial immunity.[8]

Thus, Plaintiff's claims against The United States of America (United States District Court for the District of South Carolina) and The United States of America should be summarily dismissed under 28 U.S.C. § 1915.

**C.  Plaintiff's Claims Against the State of South Carolina (South Carolina Human Affairs Commission)**

The State of South Carolina and its agency, the South Carolina Human Affairs Commission, are also immune from Plaintiff's damage claims in this case. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the

---

[8] The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]' " Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989)) (limited by Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993)); see also Pink v. Lester, 52 F.3d 73 (4th Cir. 1995).

reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances.")

Moreover, the United States Supreme Court has stated that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will, 491 U.S. at 66; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Any claim of negligence against the State is similarly barred from adjudication in this court. See id. ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in Federal Court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina."). Accordingly, Plaintiff's claim for damages against the State of South Carolina (South Carolina Human Affairs Commission) fails as a matter of law.

**D.     Other Claims**

To the extent that Boyd's Complaint may be construed to allege any other federal claims, the court finds that he has failed to plead sufficient facts to state a plausible claim. See Iqbal, 556 U.S. at 681-83. Moreover, to the extent that Boyd's Complaint could be

construed to state any other claims arising under state law, the court should decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process. See 28 U.S.C. § 1915.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 18, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).