IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Don Boyd, | ) | C/A: 3:12-334-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| Angelica Textile Services, Inc.; Fisher & Phillips, LLP; Reyburn W. Lominack III; C. Frederick Manning, II; State of South Carolina (South Carolina Human Affairs Commission); H. Ronald Stanley (proprietor); H. Ronald Stanley (individually); The United States of America (United States District Court for the District of South Carolina); the United States of America, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The *pro se* plaintiff brings this civil action *in forma pauperis* for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and/or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)). This action is best described as a sequel to an earlier wrongful termination and race discrimination action brought by the plaintiff against his former employer, Angelica Textile Services, Inc. That case, Boyd v. State of South Carolina, et al., C/A No. 3:10-872-JFA-PJG, was ultimately dismissed by this court in September 2011 after this court adopted the Report and Recommendation of the Magistrate Judge.

In the present action, the plaintiff seeks to recover against Angelica, the State of South Carolina Human Affairs Commission, and the attorneys who represented Angelica in the

earlier litigation in this court. The caption of the complaint also includes as named defendants "The United States of America (United States District Court for the District of South Carolina); The United States of America." [sic].

Among other things, the complaint contends that (1) the lawyers representing the defendants in the earlier litigation committed defamation; (2) the defendants named in this action somehow engaged in a conspiracy against the plaintiff; and (3) this court operated as a "kangaroo" which went about "throwing cases without regard to fact, law, rules, proof, constitution, etc. and by abusing—or sanctioning or allowing abuses against—indigents."

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation suggesting that this action should be summarily dismissed without prejudice. Setting out the fatal flaws contained in the plaintiff's complaint, the Magistrate Judge opines that the complaint fails to allege sufficient facts to establish any plausible claim under § 1983 or Bivens. Moreover, the plaintiff has not complied with any of the provisions of the Federal Tort Claims Act before commencing an action against the United States. Finally, the Magistrate Judge properly suggests that the State of South Carolina and its Agency are immune from plaintiff's damages claims under the Eleventh Amendment to the United States Constitution.

The Report sets forth in detail the relevant facts and standards of law on this matter,

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

and the court incorporates such without a recitation.

Plaintiff was apprised of his right to object to the Report and Recommendation, and has done so in an objection memorandum filed with the court on June 4, 2012. The objection memorandum sets out two points. First, plaintiff objects to the portion of the Report styled "Background," arguing that the introductory part of the Report misstates the gist of the allegations in the complaint. The second part of the objection memorandum suggests that because the plaintiff has sued the undersigned district judge, along with the Magistrate Judge who made the Report and Recommendation, that these judicial officers must recuse themselves, no further objection is required by him.

The court is constrained to overrule the objections and adopt the Report and Recommendation. The court finds that the portion of the Report styled "Background" is a fair representation of the allegations asserted in this action. With regard to the suggestion that this court and the Magistrate Judge should be recused, it should be noted that the caption to the complaint does not list the judges by name, but merely refers to "the United States of America" and "the United States District Court." While the undersigned and the Magistrate Judge are referred to in the body of the complaint proper, the allegations contained therein consist of little more than bald allegations that this court made an incorrect decision in the earlier litigation and engaged in a conspiracy with the other participants in the case.

The proper place to challenge this court's ruling in the earlier litigation is by way of an appeal to the United States Court of Appeals for the Fourth Circuit. In plaintiff's appeal of his earlier case (Boyd v. State of South Carolina), the Fourth Circuit affirmed this court's

decision to dismiss the action.

The court finds no basis for disqualifying itself from ruling upon the Magistrate Judge's Report and Recommendation. As noted above, the specific judges plaintiff seeks to excuse are not named as defendants in the caption. If the caption is read literally, it would disqualify every United States District Judge in the United States. Moreover, a plain reading of the complaint reveals that the plaintiff simply disagrees with the decision of the undersigned in the earlier action, and then adds a bald, unsupported allegation that this court engaged in a conspiracy against the plaintiff. Such an allegation does not survive critical scrutiny under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Notwithstanding the plaintiff's failure to object to the substantive aspects of the Report and Recommendation, the court has carefully reviewed the Magistrate's Report and finds that it correctly summarizes the issues presented in this case and properly recommends summary dismissal. The objections are overruled, the Report and Recommendation is adopted and incorporated herein by reference, and this action is dismissed without prejudice and without issuance and service of process.[2]

IT IS SO ORDERED.

Joseph F. Anderson Jr.

June 15, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] The plaintiff's document filed June 4, 2012 (ECF No. 15) is dismissed as moot.

4